IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-00-61-FHS |
| | ) | |
| CHARLES RUSSELL STEELE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court for its consideration is a motion to reduce sentence filed by Defendant, Charles Russell Steele, pursuant to 18 U.S.C. § 3582(c). The Government has filed its response and Defendant has filed a reply. For the reasons stated below, Defendant's motion is denied.

18 U.S.C. § 3582(c) provides three jurisdictional grants under which a court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence (1) "upon motion of the Director of the Bureau of Prisons" if special circumstances exist; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in cases where "a sentencing range . . . has subsequently been lowered by the Sentencing Commission." Id. at § 3582(c)(1)(A), (c)(1)(B), (c)(2). In his motion, Defendant relies on the third basis for jurisdiction by arguing that the adoption of Amendment 599 to the Sentencing Guidelines entitles him to a reduction in sentence. Amendment 599, which went into effect on November 1, 2000, amended Application Note 2 to U.S.S.G. § 2K2.4 to state in part: "If a sentence under [U.S.S.G. § 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific

1

offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." One of the purposes of Amendment 599 is to avoid duplicative punishment for the possession of a firearm. Amendment 599, U.S.S.G. Appendix, Volume II.

The Court finds Defendant is not entitled to relief under § 3582(c) because his sentencing range has not been lowered by a subsequent amendment to the Sentencing Guidelines. The Court has reviewed the presentence report prepared in conjunction with the imposition of Defendant's 96-month sentence on Count 1 (Drug Conspiracy) and 60-month consecutive sentence on Count 6 (Possession of Firearm During Drug Trafficking Offense) on May 25, 2001, and finds that although the 1998 edition of the Guidelines Manual was utilized in sentencing Defendant (as opposed to the 2001 edition encompassing Amendment 599), Defendant's offense level was calculated consistent with Amendment 599 by not increasing Defendant's offense level for the possession of a firearm. As noted on page seven of the presentence report under the "Specific Offense Characteristic" section:

> Pursuant to U.S.S.G. § 2D1.1(b)(1), if a dangerous weapon was possessed, two (2) levels are added. The defendant admitted to possessing firearms during and in relation to his drug trafficking activities; however, the defendant has also entered a guilty plea to a violation of 18 U.S.C. § 924(c) which carries a consecutive term of imprisonment. **Therefore the two point adjustment is not given.** (Emphasis added).

Consequently, since no adjustment was made to Defendant's offense level for the possession of a firearm, Defendant is not entitled to relief under § 3582(c) as his sentencing range has not been lowered by application of Amendment 599. Defendant's motion to modify his sentence is therefore denied.

It is so ordered this 6th day of December, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma